IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | No.4:CR-99-89-02 |
| v. | : | |
| | : | |
| KYREE THOMPSON, | : | (Judge McClure) |
| | : | |
| Defendant | : | |

O R D E R

March 19, 2008

**BACKGROUND:**

On March 5, 2008, Kyree Thompson filed a *pro se* motion requesting reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2).

Kyree Thompson was sentenced on October 12, 2001 to 140 months imprisonment, pursuant to U.S.S.G. § 4B1.1 and not U.S.S.G. § 2D1.1.

On February 29, 2008, Chief Judge Kane issued a Standing Order with respect to appointment of counsel and proceedings related to the retroactive crack cocaine amendments. In this order, the court states that counsel would be appointed where it appears that the defendant may be eligible for a sentence reduction.

On March 7, 2008, the Federal Public Defender's Office filed a motion to

withdraw as counsel in proceedings related to crack cocaine amendments having determined that Kyree Thompson is not eligible for a sentence reduction under the amendments to the crack cocaine guidelines.

A review of the record confirms the position of the Federal Public Defender that Kyree Thompson is not entitled to a sentence reduction on the basis of the retroactive crack cocaine guideline amendments. Thompson was determined to be a career offender under U.S.S.G. § 4B1.1, which resulted in an offense level of 34 and a criminal history category of VI. The court further determined that Thompson was not entitled to an adjustment from U.S.S.G. § 3E1.1 (Acceptance of Responsibility) and, therefore, the guideline range was set on the basis of an offense level of 34 and a criminal history category of VI, resulting in an imprisonment range of 262-327 months.

The court granted the government's motion for a downward departure of six (6) offense levels for substantial assistance under U.S.S.G. § 5K1.1, resulting in a guideline range of 140 to 175 months' imprisonment. Thompson was sentenced to 140 months, the bottom of the guideline range resulting from the downward departure.

It is clear, therefore, that his sentence was not determined by U.S.S.G. § 2D1.1 and, therefore, he is not entitled to a sentence reduction.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The motion of the Federal Public Defender's Office to withdraw as counsel in proceedings related to crack cocaine amendment (Rec. Doc. No. 511, filed March 7, 2008) is granted.

2. Thompson's request for a two (2) level reduction in his sentence as a result of the recent amendment to the sentencing guidelines applicable to crack cocaine as set forth in his motion filed March 5, 2008 (Rec. Doc. No. 508) is denied.

3. Thompson's request for reconsideration (Rec. Doc. No. 513, filed March 14, 2008), is denied.

s/James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge